UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SALLY NELMS, | ) | Civil Action No.: 2:24-cv-03819-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| SAFEWAY MOVING SYSTEMS, LLC and MID AMERICA MOVERS, INC., | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

Plaintiff Sally Nelms ("Nelms") complaining of the acts of Defendants Safeway Moving Systems, LLC ("Safeway") and Mid America Movers, Inc. ("Mid America") (Safeway and Mid America jointly "Defendants") alleges as follows:

**PARTIES, JURISDICTION, and VENUE**

1. Nelms is a citizen and resident of Berkeley County, South Carolina.

2. Safeway is a foreign corporation with its principle place of business in the state of Florida.

3. Mid America is a foreign corporation with its principle place of business in the state of Florida.

4. This court has jurisdiction of this action under diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

5. Venue for all causes of action stated below lies in the District of South Carolina, Charleston Division, in that pursuant to 28 U.S.C. § 1391(a), Defendants do business in this district and division; the contracts noted below were formed in this district and division; and the majority of activities alleged below occurred in this district and division.

Complaint
C/A No.:

**FACTS**

6. Nelms realleges the above paragraphs as if repeated verbatim here.

7. Around July 21, 2021, Nelms contacted Safeway, which she thought was a moving company, via telephone. Nelms told Safeway that she wanted to move some of her Home Belongings from her home in Charleston County, South Carolina and place them in a climate-controlled storage unit in Ponte Vedra, Florida. She also wanted to move the rest of her Home Belongings from her home in Charleston County, South Carolina and place them in a climate-controlled storage unit in Charleston County. Safeway provided Nelms with some information related to the move; an estimated move date of September 22 – 24, 2021; and an estimate of the cost of the move. At no time during this call, did Safeway mention that it was a Broker and not a moving company. Safeway never said that it would be hiring a moving company.

8. Around September 23, 2021, Donell Woods arrived at Nelms' home identifying themselves as Mid America and confirming that Safeway had sent them to move Nelms' Home Belongings to climate-controlled storage units in Florida and South Carolina. Mid America wrote an inventory list, and Nelms provided Mid America with her inventory list.

9. Around September 24, 2021, Nelms signed a new contract with Mid America and paid Mid America $4,760.16 to have her Home Belongings moved from her home and stored in separate climate-controlled storage units to preserve the condition and quality of her items.

10. Around September 28, 2021, Nelms exchanged text messages with Robin from Safeway regarding monthly payments for the storage of her Home Belongings. Nelms was then advised that all her Home Belongings had been moved to a Safeway warehouse, which was climate-controlled, in Florida. Nelms was told that this would cost her less than paying for a separate storage unit in South Carolina.

Complaint
C/A No.:

11. Nelms paid Mid America $800.00 each month for storage of her Home Belongings. Sometime after Nelms' Home Belongings had been removed from her home in South Carolina, some of her Home Belongings were relocated, *without Nelms' knowledge or consent*, to a non-climate-controlled storage unit on Dorchester Road in Charleston, South Carolina.

12. Sometime after Nelms' Home Belongings had been removed from her home in South Carolina, some of her Home Belongings were relocated, without Nelms' knowledge or consent, to a non-climate-controlled storage unit on Dorchester Road in Charleston, South Carolina.

13. Nelms was told by Mid America her final invoice to have her belongings moved was three thousand eighty ($3,080.00) dollars and was told that the payment had to be a postal money order sent via Fed Ex.

14. Nelms was later contacted by a mover named Brian Ahmad Abdullah Daniels ("Daniels") who informed her that he had been contracted by Mid America to move Nelms' items from the storage unit to her home.

15. Daniels later contacted Nelms advising her that the storage unit's lock had been broken and the inside of the unit had been vandalized.

16. Nelms met Daniels at the storage unit on June 30, 2023 and filed a police report, June 30, 2023, with the North Charleston Police Department regarding the damaged property.

17. The Dorchester storage then placed a new lock on the non-climate-controlled storage unit.

18. The manager at the Dorchester storage informed Nelms that the unit was not listed under Nelms name, but was listed under the name of Donnell Woods, a Mid America employee who handled the initial move on June 23, 2021.

Complaint
C/A No.:

19. Nelms retained a restoration company, 1-800-Packouts of Charleston ("Packouts"), to move the items out of the storage unit and do an inventory on the items to compare to the initial inventory list.

20. On October 25, 2023, Packouts moved all the items from the storage unit out, photographed and inventoried the items, and gave Nelms the few items that were of any value.

21. Since June 30, 2023, Nelms has attempted numerous times to call Defendants to determine the status and location of the balance of her Home Belongings. To date, she has been unable to talk with anyone at Safeway or Mid America who knows anything about her Home Belongings.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

22. Nelms realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

23. Defendants offered Nelms to move most of her Home Belongings from her home in Charleston County, South Carolina and place them in climate-controlled storage units in Florida and South Carolina. Nelms accepted this offer and paid valuable consideration for the move and monthly storage; thus, contracts were formed.

24. Defendants breached these contracts by failing to move most of her Home Belongings from her home in Charleston County, South Carolina and place them in climate-controlled storage units in Florida and South Carolina.

25. Nelms has been damaged by Defendants' breach of these contracts.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract with Fraudulent Intent)**

26. Nelms realleges each and every allegation contained in the above paragraphs as if

Complaint
C/A No.:

repeated here verbatim.

27. Defendants breached the above contracts with the fraudulent intent to retain the Home Belongings of Nelms or not to store properly in a climate-controlled storage unit.

28. Nelms has been damaged by Defendants' breach of these contracts with fraudulent intent, which amount to actual damages. In addition, Nelms is entitled to punitive damages in an amount to be determined by the jury.

## FOR A THIRD CAUSE OF ACTION
### (Promissory Estoppel)

29. Nelms realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

30. Defendants' promise to Nelms alleged above was unambiguous in its terms.

31. Nelms reasonably relied on said promise to move and store her Home Belongings in a climate-controlled unit.

32. Nelms' reliance was expected and foreseeable.

33. Nelms, in reliance on this promise, has been damaged by Defendants' failure to store her Home Belongings in a climate-controlled unit.

## FOR A FOURTH CAUSE OF ACTION
### (Quantum Meruit)

34. Nelms realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

35. With each payment made by Nelms to Defendants, Nelms conferred a benefit upon Defendants.

36. With each payment made by Nelms to Defendants, Defendants realized a benefit.

37. Defendants retained those benefits under circumstances that make it inequitable for

Complaint
C/A No.:

them to retain those benefits without paying Nelms the value for her Home Belongings that are missing or have been damaged.

38.     Nelms has been damaged by Defendants retaining these benefits and not paying Nelms the value for her Home Belongings that are missing or have been damaged.

## FOR A FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

39.     Nelms realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

40.     By paying Defendants to move and store her Home Belongings, Nelms conferred a non-gratuitous benefit on Defendants.

41.     Defendants realized value from the benefits from each payment made by Nelms.

42.     It would be inequitable for Defendants to retain the benefits of these payments without paying Nelms for the value of her Home Belongings that are missing or have been damaged.

43.     Nelms has been damaged by Defendants retaining the values and not paying Nelms for the value of her Home Belongings that are missing or have been damaged.

## FOR A SIXTH CAUSE OF ACTION
### (Conversion)

44.     Nelms realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

45.     Defendants assumed and exercised ownership of the Home Belongings of Nelms without authorization from Nelms and has failed to return the Home Belongings to Nelms.

46.     Nelms has been damaged in an amount of the value of the missing and damaged Home Belongings.

Complaint
C/A No.:

WHEREFORE, having fully set forth the allegations against Defendants, Nelms respectfully requests that the court enter judgment, in her favor, on the following relief:

      a.      For actual damages under each cause of action;

      b.      For punitive damages where applicable;

      c.      For reasonable attorney's fees and costs; and

      d.      such further relief as the Court deems just and proper.

**Nelms requests a trial by jury.**

s/ Bruce E. Miller
Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com
**ATTORNEY FOR SALLY NELMS**

CHARLESTON, SC
July 2, 2024